*64 OPINION.
Littleton :
The petitioner contends that he is entitled to a deduction in 1919 of a loss sustained in that year of one-half the value of the debenture notes of the Sugar Corporation then held by him and, apparently, at the hearing abandoned the claim that a deduction could be allowed on account of a debt which had been determined to be worthless in part. Whether the deduction properly comes under the bad debt provision or the loss provision, it becomes unnecessary to consider in this instance, since it appears that under neither provision is the petitioner entitled to the deduction claimed.
Even if we should consider that the evidence were sufficient to establish the extent to which the debenture notes, which are evidences of indebtedness and represent debts owing by the Sugar Corporation to the petitioner, were worthless, a deduction on account thereof could not be allowed since it is admitted on all sides that the entire debt was not determined to be worthless in 1919, and the revenue acts prior to the Revenue Act of 1921 make no provision for allowing a deduction of a part of a debt. Appeal of Steele Cotton Mill Co., 1 B. T. A. 299.
With respect to the claim that a loss was sustained in 1919, the evidence is wholly insufficient to justify the conclusion that a loss was sustained in that year. The evidence shows that the Sugar Corporation was in financial difficulties, not only in 1919, .but also long prior thereto, but there was no act done in 1919 which would fix the loss as occurring in that year. The most that can be said is that at a meeting of the stockholders held on December 22, 1919, the stockholders voted to accept an offer for the purchase of the corporation’s properties. The sale was 'finally consummated in 1920. The resolution of December, 1919, authorizing the sale of the property, specifically provided that certain classes of claims should be paid from the proceeds of the sale price, but that the debenture notes should not be paid until after another meeting of the stockholders, at which time the extent to which the holders of debentures would share in the funds yet remaining would be determined. No evidence *65 has been presented as to the subsequent stockholders’ meeting, but we do find that a composition agreement was signed in July, 1920, which set out the manner in which the various interested parties should share in the proceeds of the sale which had been consummated. In 1920 the moneys were distributed and the Sugar Corporation dissolved.
We are of the opinion that the foregoing is insufficient to establish a loss as having been sustained in 1919 and, accordingly, the action of the Commissioner in disallowing a loss in that year is sustained.
Some evidence was introduced as to $5,000 which the petitioner advanced on behalf of the Sugar Corporation, but not at the request of said corporation, to pay certain rentals. This amount was included in the amount disallowed by the respondent in determining the deficiency, but the petition puts in issue only the claimed loss of $8,750 on account of the debenture notes, and no amendment was later made which would permit us to consider this issue. Appeal of Dixie Manufacturing Co., 1 B. T. A. 641.
, Judgment will be entered for the respondent.
Considered by Trussell, Smith, and Love.